

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

Filed
D.C. Superior Court
08/28/2018 15:49PM
Clerk of the Court

Nicole Smith
_____
Plaintiff
vs.

Washington Metropolitan Area Transit Authority
_____
Defendant

Case Number 2018CA005993V

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Gwen-Marie Davis
Name of Plaintiff's Attorney

8855 Annapolis Road, Suite 302
Address
Lanham, MD 20706

301-769-6835
Telephone

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

Clerk of the Court

By _____
Deputy Clerk

Date 9/06/2018

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                    Super. Ct. Civ. R. 4

```
                                                              Filed
                                                              D.C. Superior Court
                                                              08/24/2018 09:20AM
                                                              Clerk of the Court
```

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

| | |
|---|---|
| NICOLE SMITH <br> 7730 Oxman Road <br> Landover, MD 20785 | * <br> * <br> * |
| *Plaintiff* | * |
| v. | *    CASE NO.: 2018 CA 005993 V |
| | * |
| WASHINGTON METROPOLITAN AREA <br> TRANSIT AUTHORITY <br> 600 Fifth Street NW <br> Washington, D.C. 20011 | * <br> * <br> * |
| *Defendant.* | * |

*****************************************************************************

### COMPLAINT

Comes now, Nicole Smith (hereinafter, "Plaintiff"), by and through undersigned counsel, GDH LAW, LLC, brings this action against Washington Metropolitan Area Transit Authority (hereinafter, "Defendant") and states as follows:

### PARTIES

1. Plaintiff is a resident of Landover, Maryland.

2. Defendant conducts business within the District of Columbia.

### JURISDICTION

3. Jurisdiction is properly before the Superior Court of the District Court of Columbia because the Defendant conducts business in Washington, D.C.

### COUNT I (NEGLIGENCE)

4. On August 27, 2015, Plaintiff, the properly-restrained driver of a 2006 Kia Sentra, was traveling northbound on the left lane on Brightseat Road in Landover, Maryland.

5. As Plaintiff came to a stop on the intersection of Brightseat Road and Ardwick Ardmore, Defendant Employer, operating a Metro Access Van, was stopped on the turn right only lane eastbound on Ardwick Ardmore Road in Landover, Maryland.

6. Plaintiff, under the impression that Defendant Employer was making a right hand turn, proceeded to make a left turn onto Ardwick Ardmore Road, at the same time, Defendant Employer ignored the right turn only lane they were in and recklessly drove straight onto Ardwick Ardmore Road and collided with the left side of Plaintiff's vehicle.

7. Upon the collision's impact, Plaintiff felt serious and immediate pain to her back and neck. Plaintiff also suffered injury to her head.

8. Defendant was negligent by and through the actions of its employee, agent, and/or permissive user, who failed to control the speed of their vehicle, and failed to pay full attention to the operation of Metro Access Van.

9. As a direct and proximate result of Defendant's negligence, Plaintiff sustained serious painful and injuries in and about her back, neck, and head; great physical pain and mental anguish; loss and expense for physician's care; loss of employment wages; prescription drugs and like medical expenses; loss of the enjoyment of her usual pursuits and pastimes and other such related injuries and damages and property damage.

10. All of Plaintiff's losses were, are, and will be solely to and by reason of Defendant's carelessness and negligence, without any negligence of want of care on Plaintiff.

WHEREFORE, Plaintiff Nicole Smith demands judgment against Defendant Washington Metropolitan Area Transit Authority in the amount of Twenty Thousand Dollars ($20,000.00), plus interest and costs.

Respectfully submitted,

_____
Gwen-Marie Davis, Esquire
GDH LAW, LLC
8855 Annapolis Road, Suite 302
Lanham, Maryland 20706
(301) 769 – 6835
*Attorney for Plaintiff*



SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

NICOLE SMITH
　　Vs.
　　　　　　　　　　　　　　　　　　　　　　C.A. No.　　2018 CA 005993 V
WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY

**INITIAL ORDER AND ADDENDUM**

　　Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

　　(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

　　(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

　　(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

　　(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

　　(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

　　(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

　　　　　　　　　　　　　　　　　　　　　　　Chief Judge Robert E. Morin

Case Assigned to: Judge ANTHONY C EPSTEIN
Date:　August 22, 2018
Initial Conference: 9:30 am, Friday, November 30, 2018
Location:　Courtroom 200
　　　　　　500 Indiana Avenue N.W.
　　　　　　WASHINGTON, DC 20001

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　CAIO-60

# ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief   Judge   Robert   E.   Morin

CAIO-60